IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION – COLUMBUS

| | | |
|---|---|---|
| **CRESSIDA BOLEY,** | : | Case No. |
| 276 Garden Road | : | |
| Columbus, Ohio 43214 | : | Judge |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| **CITY OF COLUMBUS,** | : | **JURY DEMAND ENDORSED HEREON** |
| 77 North Front Street, 1st Floor | : | |
| Columbus, Ohio 43215 | : | |
| | : | |
| Defendant. | : | |

## COMPLAINT

Now comes Plaintiff Cressida Boley (hereafter "Plaintiff"), by and through undersigned counsel, and files her Complaint against Defendant City of Columbus (hereafter "Defendant") states and avers as follows:

## THE PARTIES

1. Plaintiff is an individual residing in Franklin County, Ohio. At all times alleged herein, Plaintiff was an employee of Defendant as the same has been defined by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(f), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630(f), and Ohio Title 4112.

2. Defendant is a political subdivision of the State of Ohio. At all times alleged herein, Defendant was Plaintiff's employer as the same has been defined by the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e(b), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 630(b), and Ohio Title 4112.

## JURISDICTION AND VENUE

1

3. Jurisdiction over the statutory violation alleged is conferred pursuant to 28 U.S.C. § 1331, 42 U.S.C. § 2000e, and 29 U.S.C. § 630(f). Supplemental jurisdiction over Plaintiff's state law claims pursuant to Ohio Title 4112 is conferred pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Southern District of Ohio Eastern Division because all actions took place within Franklin County, Ohio.

5. Plaintiff satisfied all pre-requisites for filing this lawsuit, including but not limited to obtaining a Notice of Right to Sue from the Equal Employment Opportunity Commission (hereafter the "EEOC Notice"). A copy of the EEOC Notice is attached hereto as Exhibit A.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates the allegations in the preceding paragraphs as if fully rewritten herein.

7. Plaintiff is a Caucasian female born on April 19, 1971. At all times relevant hereto, Plaintiff was over the age of 40.

8. Plaintiff worked for Defendant for more than 30 years. Since April 10, 2016, Plaintiff was the Employee Benefits and Wellness Supervisor in Defendant's Department of Human Resources (the "Benefits Unit").

9. In her role, Plaintiff was responsible for supervising staff in the performance and administration of employee benefits and wellness programs for Defendant. This included answering questions from current and former Defendant employees about their health insurance matters.

10. Plaintiff supervised two employees.

11. Plaintiff's supervisor was Sonya Burley, Employee Benefits and Wellness Manager. Burley is African American.

12. Burley was hired in 2019 and as soon as she was hired she informed Plaintiff she wanted to "get rid of everyone" in the Benefits Unit and "hire her own people." Burley continued to make comments like this to Plaintiff. For example, Burley told Plaintiff that the "white girls weren't in charge anymore."

13. Plaintiff informed Burley that her comments were offensive.

14. In July 2023, Defendant authorized another position in the Benefits Unit, so Plaintiff was to manage four subordinates. At the same time, one person in the Benefits Unit left, so there were two open positions for Employee Benefits Analyst II.

15. Defendant advertised one job opening in September 2023 and the second job opening in April 2024.

16. The hiring panel for the open positions included Plaintiff, Burley, and Tammy Bethea, Human Resources Officer.

17. Bethea is also African American.

18. The panel interviewed Rebecca Marsh in February 2024. Marsh is Hispanic and more than 10 years younger than Plaintiff.

19. Marsh withdrew her application from consideration.

20. Defendant closed the position without hiring a candidate and started accepting applications for the second position in April 2024.

21. Marsh applied again for the position in April 2024 and was interviewed by the same panel.

22. During the interview, Marsh responded poorly to several interview questions, including one about how she managed stress. Marsh responded that the way she handles stress was to "get mean."

3

23. Plaintiff voiced her concerns about hiring Marsh because Marsh's response was inappropriate given the close proximity with which Marsh would have to collaborate with her coworkers in the Benefits Unit.

24. Plaintiff voiced additional concerns that Marsh may have embellished her resume because it significantly differed from the one she submitted just a few months prior.

25. Burley and Bethea stated Plaintiff's concerns were unfounded and that Plaintiff did not want to hire a minority for the position.

26. Burley went to Plaintiff's office and screamed at Plaintiff that Marsh was going to be hired, and she would report directly to Burley because Plaintiff's racism.

27. Defendant hired Marsh in June 2024.

28. Since Marsh was hired, Burley refused to address Plaintiff in meetings except to yell at her or provide support to Plaintiff for her work. Burley also made Marsh the point of contact for work in Burley's absence for which Marsh did not possess the requisite experience.

29. In Spring 2024, Defendant was bidding for new medical and pharmacy vendors. Plaintiff served as a scoring member on the committee in charge of choosing new vendors.

30. Burley was also involved in the process to choose new vendors. Burley engaged in unethical conduct during the bidding process and Burley's conduct was reported to Defendant. Burley accused Plaintiff of reporting her and accosted Plaintiff.

31. In May 2024, Plaintiff reported to Chrisotpher Moses, Director of the Department, that she felt unsafe at work because of Burley's conduct towards her.

32. Defendant did not initiate an investigation.

33. In July 2024, Brandon Kimbro, Wellness Coordinator, informed Director Moses that the Ohio Ethics Commission was investigating Burley for her conduct regarding the medical

4

and pharmacy vendors. Kimbro's email also reported details of Burley's hostile behavior towards her subordinates, including Plaintiff.

34. Defendant initiated an investigation and Plaintiff was interviewed.

35. During the interview, Plaintiff again reported that Burley treated her differently than other black employees by failing to offer her the necessary support and resources to do her job, giving supervisory duties to Marsh for which she did not possess the requisite experience, constantly yelling at Plaintiff, and other details. Plaintiff also reported that Bethea engaged in this conduct as well.

36. In August 2024, Burley reported that Plaintiff performance had been unsatisfactory and Bethea initiated an investigation into Plaintiff.

37. On October 21, 2024, Defendant terminated Plaintiff.

38. When Defendant served Plaintiff with her termination notice, Director Moses stated that Plaintiff was terminated because he was "tired of the in-fighting" indicating that he was tired of hearing complaints about how Burley and Bethea treated Plaintiff.

39. Bethea, Burley, and Marsh remained employed after Plaintiff was terminated.

40. Defendant's reasons for Plaintiff's termination are pretext.

41. Prior to August 2024, Plaintiff received good performance reviews for her 30-year tenure with Defendant.

**COUNT I – REVERSE RACE DISCRIMINATION TITLE VII & OHIO § 4112**

42. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

43. Defendant discriminated against Plaintiff with respect to the terms, conditions, and privileges of her employment because of her race.

5

44. Plaintiff is Caucasian and was qualified for the position.

45. Defendant has a history of treating Caucasian employees differently than members of other races, including African American.

46. Defendant terminated Plaintiff for pre-textual reasons because of her race, all in violation of 42 USC § 2000(e).

47. By treating Plaintiff differently and otherwise discriminating against her on the basis of her race, Defendant committed unlawful employment practices within the meaning of 42 U.S.C. § 2000(e) in violation of Title VII of the Civil Rights Act of 1964, as amended.

48. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for punitive damages.

49. As a direct and proximate result of Defendant's conduct in contravention of Title VII of the Civil Rights Act of 1964 and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT II – AGE DISCRIMINATION ADEA & OHIO TITLE 4112

50. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

51. Plaintiff is over the age of 40 and was qualified to perform her job duties.

52. Plaintiff is substantially older than the individuals currently performing her job duties.

53. The reason Plaintiff was terminated was because of Plaintiff's age.

54. Defendant was specifically aware of Plaintiff's age at the time she was terminated and treated Plaintiff differently than other similarly situated employees that were under the age of 40 or substantially younger than Plaintiff.

55. Defendant's conduct was intentional.

56. Defendant's conduct was at all times in violation of the Age Discrimination in Employment Act and Ohio Title 4112.

57. Defendant acted with malice and/or reckless malfeasance toward Plaintiff's protected rights and for such willful conduct, Defendant is liable for liquidated and punitive damages.

58. As a direct and proximate result of Defendant's conduct in contravention of Age Discrimination in Employment Act and Ohio Title 4112 as set forth above, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income and other benefits to which Plaintiff was entitled in an amount to be determined at trial.

## COUNT III – RETALIATION TITLE VII, ADEA, & OHIO TITLE 4112

59. Plaintiff hereby incorporates the allegations set forth in the preceding paragraphs as if fully rewritten herein.

60. Following Plaintiff's report to Defendant in which she alleged unwanted she was being treated differently than her younger black coworkers, Defendant terminated Plaintiff.

61. Defendant treated Plaintiff differently with respect to the terms and conditions of her employment Plaintiff because of her continued participation in protected activity.

62. Defendant's actions constitute retaliation as prohibited by Title VII, the ADEA, and Ohio Title 4112.

63. Because of Defendant's retaliation, Plaintiff has suffered damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income (including back pay and front pay), and other benefits to which she was entitled, in an amount to be determined at trial.

WHEREFORE, Plaintiff Cressida Boley prays that this Court award a judgment against Defendant City of Columbus on all counts, for compensatory and punitive damages including, but not limited to, emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, punitive damages, lost wages and income and other benefits to which Plaintiff is entitled in an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
 ASalvino@ksrlegal.com
*Counsel for Plaintiff*

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

KEMP, SCHAEFFER & ROWE CO., L.PA.

/s/Erica Ann Probst
Erica Ann Probst (0073486)
Andrea L. Salvino (0097768)
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 232-8692
Facsimile: (614) 469-7170
Email: Erica@ksrlegal.com
ASalvino@ksrlegal.com
*Counsel for Plaintiff*
